USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___2/17/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTELLE KEVETT CARROLL,

Plaintiff,

-against-

EXPERIAN SERVICES CORP.,

Defendant.

25-CV-04978 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

On December 30, 2025, the Court ordered Plaintiff to show cause by January 16, 2026 why this case should not be dismissed for failure to prosecute (the "December 30 Order"). *See* Dkt. No. 25. That deadline elapsed and Plaintiff did not respond to the Court's Order. In the December 30 Order, the Court weighed the five factors set forth in *Lucas v. Miles*, 84 F.3d 532 (2d Cir. 1996) and found that all but the final two factors weighed in favor of dismissal at the time. The five factors set forth in *Lucas* are "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas*, 84 F.3d at 535. All five factors now weigh in favor of dismissal.

Since the Court issued the December 30 Order, no circumstances have changed that would alter the Court's analysis of the first three factors. Accordingly, those factors still weigh in favor of dismissal. In addition, as a result of Plaintiff's failure to respond to the December 30 Order, the final two factors now also weigh in favor of dismissal. Addressing the fourth factor, the December 30 Order stated that the circumstances in the case normally would weigh in favor of dismissal, but Plaintiff's *pro se* status afforded her a "special leniency" in the context of Rule 41(b). *See* Dkt. No. 25 at 2. The Court thus found that this factor weighed in favor of providing Plaintiff a final opportunity to be heard. *Id.* The Court provided that opportunity by allowing Plaintiff to respond to the December 30 Order and Plaintiff did not do so. Accordingly, this factor now weighs in favor of dismissal.

The fifth factor also weighs in favor of dismissal. In the December 30 Order, Plaintiff was advised that a failure to respond may result in the dismissal of this case. Dkt. No. 25 at 2. Nevertheless, Plaintiff did not respond to the Order. Given this course of events, and that Plaintiff has been unreachable for several months, no lesser sanction than dismissal is likely to be effective. However, the Court's dismissal is without prejudice to Plaintiff filing a new lawsuit. *See Jianshe Guo*, 2019 WL 1507900, at *4 ("[T]he lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and

1

the need to clear the docket and avoid prejudice to defendants") (quoting *Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013)).

## CONCLUSION

For all of the reasons stated above, this case is DISMISSED without prejudice for failure to prosecute.

Dated: February 17, 2026
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge

2